UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Federal Home Loan</u>
<u>Mortgage Corporation</u>

    v.                                    Civil No. 13-cv-041-JD

<u>Thomas J. Desmet and</u>
<u>Ahva R. Desmet</u>


**REPORT AND RECOMMENDATION**

The Federal Home Loan Mortgage Corporation ("FHLMC") has brought an action to quiet title to a parcel of real property. <u>See</u> N.H. Rev. Stat. Ann. ("RSA") § 498:5-a.  Before me for a report and recommendation are two ex parte pleadings, a motion seeking approval of a memorandum of lis pendens, and a petition seeking an attachment of the subject property.  For the reasons that follow, I recommend that both pleadings be denied.

**Background**

This action was initiated in a pleading captioned "Complaint to Expunge Fraudulent Documents of Record and Clear Title."  Doc. no. 1.  The following facts are drawn from that pleading.  In March of 2006, defendants gave a mortgage on a property known as 284 East Road, Hampstead, New Hampshire ("subject property").  They subsequently defaulted.  FHLMC

appears to have purchased the property at a foreclosure sale on March 25, 2011.[1]  On May 2, 2011, FHLMC filed a foreclosure deed to the subject property in the Rockingham County Registry of Deeds ("Registry").  See Compl., Ex. H (doc. no. 1-9).

In June of 2011, defendants began filing various documents pertaining to the subject property in the Registry.  Those documents include one titled "Notice of Rescission," Compl., Ex. J (doc. no. 1-11), at 1, and one titled "Deed of Full Reconveyance," id. at 14.  Both documents were executed by defendant Thomas Desmet, in the name of FHLMC.  On the purported notice of rescission, he identified himself as "THOMAS JOHN DESMET, as Attorney-in-fact for the Beneficiary, FEDERAL HOME LOAN MORTGAGE CORPORATION."  Id. at 1.  On the purported deed of full reconveyance, he identified himself as "Thomas John Desmet as Attorney-in-fact for the Trustee, FEDERAL HOME MORTGAGE CORP."  Id. at 14.  "Thomas J. Desmet is not an officer of FHLMC and does not have authority to execute the [rescission, the reconveyance] or any other documents for FHLMC."  Compl. ¶ 17.

---

[1] The complaint is not as clear as it might be with respect to when FHLMC acquired the property.  At one point, it alleges that "[o]n or about March 25, 2011, the Property was sold to Plaintiff at a public sale."  Doc. no. 1 ¶ 13.  It also identifies "August, 2, 2012 [as] the date of the foreclosure sale."  Id. ¶ 18.  Nothing in the analysis that follows requires resolution of that inconsistency.

In response to the two filings identified above, and others,[2] FHLMC initiated this quiet-title action.  It asks the court to issue a declaratory judgment: (1) expunging various allegedly fraudulent documents from the Registry; (2) declaring those documents to be fraudulent; and (3) declaring that FHLMC is the owner of the subject property.  In addition to its complaint, FHLMC has filed an ex parte motion for approval of a memorandum of lis pendens, and a petition for ex parte attachment.

## Legal Principles

With respect to provisional remedies, The Federal Rules of Civil Procedure provide that

> [a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.

Fed. R. Civ. P. 64(a).  That rule applies specifically to attachment.  See Fed. R. Civ. P. 64(b).

---

[2] Defendants' additional filings at the Registry include a purported UCC Financing Statement that lists, among other collateral, four birth certificates, an employer identification number, a New Hampshire Driver's license, certain DNA and retina scans, plus a "Personal UCC Contract Trust Setoff Account (pending) in the amount of $100,000,000,000 (One Hundred Billion) US Dollars; and Twenty Two Dollars ($22) Silver Coins." Compl., Ex. K (doc. no. 1-12), at 3.

In New Hampshire, pre-judgment attachment without notice to the defendant is governed by a statute that provides, in pertinent part:

> Upon application to the court, in exceptional circumstances, an attachment may be ordered in advance of notice to the defendant if the plaintiff establishes probable cause to the satisfaction of the court of his basic right to recovery and the amount thereof and in addition thereto the existence of any of the following:
>
> . . . .
>
>     III. In equity cases for specific performance of an agreement to transfer land or a unique chattel, there is imminent danger of transfer to a bona fide third party.  In such land cases, as well as those to perfect a labor and materials lien under RSA 447, a writ of attachment may be filed at a registry of deeds without prior application and notice, provided said writ is in the form of a lis pendens and specifically restricts its application to the particular real estate described in the writ and the return of attachment.
>
> . . . .
>
>     V. When necessary to secure an important governmental or general public interest, or when other exceptional circumstances are established to the satisfaction of the court.
>
> In all cases of attachment made ex parte the court may impose reasonable conditions thereon and a hearing shall be granted as promptly as possible upon the subsequent request of a defendant.

RSA 511-A:8.  With those legal principles in mind, the court turns to FHLMC's two requests for provisional relief.

**Petition for Ex Parte Attachment**

In document no. 3, FHLMC petitions for ex parte attachment of the subject property. FHLMC's petition recites the facts alleged in its complaint then concludes:

> There is imminent danger of transfer of all or a portion of the property in a way adverse to the Plaintiff's interest because the fraudulent documents have clouded the title in a way that jeopardizes Plaintiff's interest.
>
> The danger of transfer or encumbrance adverse to the Plaintiff is increased with any delay in the recording of the attachment herein requested.
>
> These circumstances justify the attachment on an <u>ex parte</u> basis.

Pl.'s Pet. for Ex Parte Attach. (doc. no. 3) ¶¶ B1-B3.

FHLMC's request for a pre-judgment attachment is somewhat puzzling. In both its complaint and its petition for attachment, FHLMC asserts that it is the owner of the subject property. <u>See</u> doc. no. 1 ¶ 16; doc. no. 3 ¶ A13. Attachment, however, is a legal mechanism for encumbering property owned by another. <u>See</u>, <u>e.g.</u>, RSA 511-A:2, I (requiring a notice of intent to attach to state that "[t]he plaintiff intends to attach the defendant's real estate . . . to secure any judgment or decree which may be obtained on the action or suit"). FHLMC has identified no legal authority under which a plaintiff may attach its own real estate, and the court is aware of none. If

5

FHLMC is the owner of the subject property, which is the premise of its quiet-title action, then, necessarily, it is not entitled to the attachment it seeks. Thus, I recommend that its petition seeking such relief be denied.[3]

### Motion for Approval of Memorandum of Lis Pendens

In document no. 2, FHLMC identifies various documents defendants filed in the Registry that it claims to be fraudulent, and then argues:

> In light of these circumstances there is imminent danger of transfer of all or a portion of the property in a way adverse to the Plaintiff's interest because the Mortgage encumbering the Property is currently unsecured.
>
> In addition, the circumstances in this matter as described in the Complaint support the approval of the memorandum of lis pendens without notice to the Defendants pursuant to NH RSA 511-A:8, V.

Pl.'s Mot. for Approval of Mem. of Lis Pendens (doc. no. 2) ¶¶ 2-3. Based upon that argument, FHLMC asks the court to:

> GRANT on an ex parte basis the within Motion and allow the Plaintiff to record a Memorandum of Lis Pendens, as attached hereto, at the Rockingham County Registry of Deeds; or, in the alternative

---

[3] There might be circumstances under which FHLMC could be entitled to an attachment if defendants owned the subject property but, of course, defendants' ownership of the property would defeat the claim that animates this case.

      SCHEDULE a temporary hearing on the within motion if ex parte relief is not granted at this time.

Id. ¶¶ A-B.

    The biggest problem with FHLMC's motion is that it does not identify any authority under which the court could grant the relief it seeks. While some states provide for judicial approval of memoranda of lis pendens in actions to quiet title, see, e.g., Mass. Gen. Laws ("MGL") ch. 184, § 15, New Hampshire does not appear to have done so. FHLMC has identified no New Hampshire version of MGL ch. 184 § 15, and the court has been able to locate no such statute. Rather, the court of appeals for this circuit has at least suggested that under New Hampshire law, lis pendens "can be done without resort to a court, under specified circumstances."[4] TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 5 (1st Cir. 1996). In any event, absent statutory authority to endorse a memorandum of lis pendens, the court cannot grant FHLMC the relief it seeks.

    While FHLMC identifies no New Hampshire version of MGL ch. 184 § 15, it relies upon RSA 511-A:8, V, as providing this court with authority to approve its memorandum of lis pendens. The problem is that RSA 511-A:8 grants no such authority. Rather,

---

[4] Whether the circumstances of this case would support FHLMC's recording of a memorandum of lis pendens is not before the court, and I decline to recommend the issuance of an advisory opinion on that question.

7

that statute specifies the circumstances under which a plaintiff may be entitled to a pre-judgment attachment without notice.

To be sure, RSA 511-A:8 does use the term "lis pendens," but it does so in a paragraph providing that a writ of attachment, in certain types of cases, could be filed in the registry of deeds, if the writ is issued in the form of a lis pendens. But, a writ of attachment in the form of a lis pendens is authorized in only two types of cases, "equity cases for specific performance of an agreement to transfer land or a unique chattel," and cases "to perfect a labor and materials lien under RSA 447." RSA 511-A:8, III. Because FHLMC asserts neither of those two kinds of claims, RSA 511-A:8, III, would appear to have no applicability to this case even if FHLMC were seeking to attach another party's property rather than its own. See TPM Holdings, 91 F.3d at 3 (noting Judge Barbadoro's grant of summary judgment to party seeking removal of notice of lis pendens filed by opposing party, on grounds that "the lis pendens was not authorized by the New Hampshire statute because the underlying . . . action was not an equity case for specific performance of an agreement to transfer land or a unique chattel").

In sum, there appears to be no legal authority under which the court could grant the relief FHLMC seeks, i.e., approval of

8

its memorandum of lis pendens. Accordingly, I recommend that its request for such relief be denied.

## Conclusion

For the reasons detailed above, I recommend denial of both FHLMC's motion for approval of a memorandum of lis pendens, document no. 2, and its petition for ex parte attachment, document no. 3. There may be other forms of preliminary relief available to FHLMC, but the court can only rule on the requests before it. Finally, I note that FHLMC requests a hearing in the event the court denies its motion for approval of a memorandum of lis pendens. Because my recommended disposition of that motion is based upon a legal analysis rather than any factual issue, it is difficult to see what difference a hearing would make. Accordingly, I recommend that FHLMC's request for a hearing be denied.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st

Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

February 5, 2013

cc: John Laurence von Barta, IV, Esq.