**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Federal Home Loan
Mortgage Corporation

    v.                                    Civil No. 13-cv-041-JD

Thomas J. Desmet and
Ahva R. Desmet


**REPORT AND RECOMMENDATION**


The Federal Home Loan Mortgage Corporation ("FHLMC") has filed an action against Thomas and Ahva Desmet ("the Desmets") titled "Complaint to Expunge Fraudulent Documents of Record and Clear Title."  FHLMC seeks, among other things, declaratory relief with respect to documents the Desmets have recorded in the Rockingham County Registry of Deeds ("Registry").  The Desmets have defaulted.  Before me for a report and recommendation is FHLMC's motion for entry of default judgment. See Fed. R. Civ. P. 55(b)(1).  On July 3, 2013, I held a hearing on damages, and at that hearing, I asked FHLMC to submit further briefing on the question of its legal entitlement to the various forms of relief it seeks.  FHLMC has since submitted the requested briefing.  For the reasons that follow, I recommend that FHLMC's motion be granted in part.

**The Legal Standard**

On May 15, 2012, default was entered against the Desmets by the clerk of the court.  See doc. no. 12.  Thus, the Desmets are "taken to have conceded the truth of the factual allegations in [FHLMC's complaint] as establishing the grounds for liability." S.E.C. v. New Futures Trading Int'l Corp., No. 11-cv-532-JL, 2012 WL 1378558, at *1 (D.N.H. Apr. 20, 2012) (quoting Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002)).  But, while "a defaulting party admits the factual basis of the claims asserted against it, the defaulting party does not admit the legal sufficiency of those claims."  10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2011) (citing Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992)). Accordingly, "[t]he claimant must state a legally valid claim for relief," 10 Moore's, supra, and "[a] court may grant judgment by default only for relief that may lawfully be granted on the well-pleaded facts alleged by the claimant," id. (emphasis added).

**Discussion**

As noted, the Desmets have conceded the truth of the factual allegations in FHLMC's complaint.  Specifically, the Desmets have conceded facts concerning: (1) their acquisition of

2

a parcel of real property located at 284 East Road, Hampstead, New Hampshire ("the property") from Mr. Desmet; (2) Mr. Desmet's subsequent default on a loan that was secured by a mortgage on the property; (3) FHLMC's acquisition of the property by means of a foreclosure deed; and (4) FHLMC's recording of various documents concerning its acquisition of the property in the Registry.  Notably, the complaint alleges no facts concerning the quality of the title conveyed to FHLMC by the foreclosure deed.

The Desmets have also conceded that on June 23, 2011, after FHLMC received its foreclosure deed to the property, one or both of them recorded the following documents in the Registry:

- at page 0297 of Book 5224: a "Notice of Rescission" that Mr. Desmet executed as "Attorney-in-fact" for FHLMC, which purports to rescind the foreclosure deed through which FHLMC acquired the property;

- at page 0298 of Book 5224: a document titled "Certificate of Administrative Judgment";

- at pages 0299 through 0302 of Book 5224: a document titled "UCC Financing Statement";

- at pages 0303 through 0305 of Book 5224: a document titled "Notice of Administrative Judgment";

- at page 306 of Book 5224: a document titled "Exhibit 'A' Description," which appears to describe the property;

- at pages 0307 through 0309 of Book 5224: a document titled "Response Letter/Commercial Affidavit," executed by Thomas John Desmet, as "secured party creditor"; and

- at page 0310 of Book 5224: a "Deed of Full Reconveyance," also executed by Mr. Desmet as "Attorney-in-fact" for FHLMC, which purports to reconvey the property to Mr. Desmet.

See Compl., Ex. J (doc. no. 1-11), at 1-14.  In its complaint, FHLMC refers to the documents described above as the "Fraudulent Documents."  The complaint also mentions a second category of documents, called the "subsequent Desmet documents," that were recorded by the Desmets in the Registry on July 18, 2011, October 19, 2011, October 26, 2011, and April 11, 2012.  See id., Ex. K (doc. no. 1-12).

In addition, the Desmets have conceded the following relevant facts:

These documents [i.e., the documents recorded by the Desmets] purport, amongst other things, to rescind the foreclosure sale, re-convey the Property, improperly confer certain rights to the Defendants and cancel the underlying debt owed on the Mortgage.  The documents are signed by Thomas J. Desmet who fraudulently purports to be an officer of FHLMC.  In addition, various other documents continue to be recorded in the Registry of Deeds by Desmet thereby further clouding title. . . .

The Plaintiff [i.e., FHLMC], who is now the owner of the subject Property following foreclosure, did not rescind the foreclosure sale, re-convey the property and/or cancel the underlying debt owed on the Mortgage.  The documents [the Desmets filed] are fraudulent and have created a cloud on title.  No

4

> authority or instruction whatsoever was ever given to
> the Defendants to prepare, execute and/or record such
> documents.
>
> Thomas J. Desmet is not an officer of FHLMC and does
> not have authority to execute the above referenced
> documents or any other documents for FHLMC.

Compl. (doc. no. 1) ¶¶ 15-17.  The question before the court is
whether any or all of the relief FHLMC seeks "may lawfully be
granted on the well-pleaded facts alleged" in its complaint.  10
Moore's, supra, § 55.32[1][b].

FHLMC has stated requests for relief in: (1) its initial
pleading, see doc. no. 1, at 6; (2) a proposed final decree of
judgment attached to its motion for entry of default judgment,
see doc. no. 14-1, at 1-2; and (3) its recently filed memorandum
of law, see doc. no. 20, at 4-5.  While the initial pleading and
the proposed final decree of judgment mention both the
Fraudulent Documents and the subsequent Desmet documents,[1]
FHLMC's most recent pleading requests relief pertaining only to
the Fraudulent Documents.  Because the court must presume that
FHLMC's most recent request for relief is the one that controls,

---

[1] While the prayers for relief in the initial pleading refer
to the Fraudulent documents by book and page number and refer to
the subsequent Desmet documents only generally, see doc. no. 1,
at 6 (asking the court to expunge "all subsequent Fraudulent
Documents" and to declare that "all subsequent documents filed
by Thomas Desmet in connection with the Property, are fraudulent
and of no force and effect"), the proposed final decree refers
to both categories of documents by book and page number, see
doc. no. 14-1 ¶¶ 2-3.

I address only the Fraudulent Documents, i.e., those recorded at pages 297 through 310 of Book 5224.

In its memorandum of law, FHLMC asks the court for six items of relief:

A.   Pursuant to NH RSA 498:5-a, declare that said Fraudulent Documents recorded at Book 5224, Pages 297-310 in the Rockingham County Registry of Deeds be expunged and declared null and void as if they never existed;

B.   Enter a declaratory judgment expunging the Fraudulent Documents recorded with the Rockingham County Registry of Deeds at Book 5224, Pages 297-310 as if they never existed;

C.   Declare that the Fraudulent Documents were improperly recorded as the Defendants [have] no authority whatsoever to do so;

D.   Enter a declaratory judgment declaring that the Plaintiff is the owner of the subject Property located at 284 East Road, Hampstead, NH pursuant to the Foreclosure Deed found at Book 5212, Page 495 in the Rockingham County Registry of Deeds;

E.   Grant Plaintiff its attorney fees and costs incurred in seeking this order to expunge said Fraudulent Documents, which were improperly recorded by the Defendants; and

F.   Issue such other and further relief as the Court deems just, equitable and proper.

Doc. no. 20, at 4-5.  FHLMC is entitled to some but not all of the relief it seeks.

In Items A through D, FHLMC seeks three basic forms of relief: (1) an order expunging the Fraudulent Documents from the

Registry; (2) a declaration that those documents are, indeed, fraudulent; and (3) a judgment quieting title in its favor.  I consider each form of relief in turn.

Both Items A and B include requests of the court to expunge the Fraudulent Documents from the Registry.  However, the statute cited in Item A, RSA 498:5-a, grants the superior court the power to adjudicate title disputes by rendering judgments and issuing decrees, but does not confer the power to expunge documents that have been recorded in a registry of deeds.[2] Beyond that, FHLMC has not identified any decision from the New Hampshire Supreme Court that construes RSA 498:5-a as empowering the superior court to expunge documents from a registry of deeds, and I have been unable to locate any such decision.  New Hampshire's declaratory-judgment statute limits the court to granting the same forms of relief authorized by the quiet-title statute.  See RSA 491:22.  Given that a declaratory-judgment plaintiff is not entitled to coercive relief against the defendant, see Radkay v. Confalone, 133 N.H. 294, 298 (1990), I can see no legal basis for issuing an order that would require the Registry, a non-party, to take any action of any sort.  In

---

[2] The legal definition of "expunge" is "[t]o erase or destroy."  Black's Law Dictionary 662 (9th ed. 2009).  For its part, FHLMC does not indicate how, precisely, a document would be expunged from the Registry.

short, neither of the two statutes upon which FHLMC bases its requests for relief empower a court to issue directives to registries of deeds.  Accordingly, FHLMC is not entitled to an order expunging the Desmets' documents from the Registry.

In Items A and C, FHLMC asks the court to declare that the Fraudulent Documents are, indeed, fraudulent and of no force and effect.  That is relief the court may grant, at least in part.  As attachments to its complaint, FHLMC filed fourteen pages of so-called Fraudulent Documents.  See doc. no. 1-11.  FHLMC asserts that all those documents are fraudulent and cloud its title to the property.

FHLMC's characterization of the Fraudulent Documents goes too far.  The Desmets' concessions that Mr. Desmet had no authority to execute documents for FHLMC and that FHLMC neither rescinded the foreclosure nor reconveyed the property to Mr. Desmet clearly establish that the notice of rescission and the deed of reconveyance are fraudulent.  However, those are the only two documents recorded in the Registry that Mr. Desmet executed while purporting to represent FHLMC.  The other documents to which FHLMC objects are confusing, misleading, or irrelevant, but none of them may be deemed fraudulent based upon the facts the Desmets have conceded.  Moreover, it seems unlikely that many of those documents, if any, would even turn

up in a search of the title to the property, which suggests that they might not cloud FHLMC's title to the property. In any event, given the facts of this case, there is no basis for a declaratory judgment concerning the validity of any of the documents recorded by the Desmets other than the fraudulent notice of rescission and the fraudulent deed of reconveyance.

In Item D, FHLMC asks the court to "[e]nter a declaratory judgment that [it] is the owner of the subject Property . . . pursuant to the Foreclosure Deed." Pl.'s Mem. of Law (doc. no. 20) 5. In other words, FHLMC seeks a decree quieting title in its favor. It is not entitled to that relief.

The relevant New Hampshire statute provides, in pertinent part:

> An action may be brought in the superior court by any person claiming title to, or any interest in, real or personal property, or both, against any person who may claim to own the same, either in fee, for years, for life or in reversion or remainder, or to have any interest in the same, or any lien or encumbrance thereon, adverse to the plaintiff, or in whom the land records disclose any interest, lien, claim or title conflicting with the plaintiff's claim, title or interest, whether or not the plaintiff is entitled to the immediate or exclusive possession of such property, for the purpose of determining such adverse estate, interest or claim, and to clear up all doubts and disputes and to quiet and settle the title to the same . . . . The petition . . . shall describe the property in question and state the plaintiff's claim, interest or title and the manner in which the plaintiff acquired such claim, interest or title and

shall name the person or persons who may claim such
adverse estate or interest.

RSA 498:5-a.  Moreover, "in an action to quiet title the
petitioner bears the burden of proving good title as against <u>all
other interested parties</u>."  <u>Riverwood Com'l Props., Inc. v.
Cole</u>, 134 N.H. 487, 490 (1991) (citing <u>Seward v. Loranger</u>, 130
N.H. 570, 573 (1988)) (emphasis added).

     With regard to the parties against whom good title must be
proven, the plaintiffs in Sorenson v. Wilson "argue[ed] that
since they brought a petition to quiet title against the
defendant only, the burden they [carried was] only to prove
superior title as against the defendant . . . and not as against
the whole world," 124 N.H. 751, 757 (1984) (quoting <u>Frew v.
Dasch</u>, 115 N.H. 274, 278 (1975)) (emphasis in <u>Frew</u>, punctuation
and brackets omitted).  The New Hampshire Supreme Court
disagreed:

> This argument runs counter to the language of the
> statutes governing actions to settle disputed titles.
> Such actions are intended "to clear up all doubts and
> disputes and to quiet and settle the title to"
> disputed property.  RSA 498:5-a.
>
>      To that end, the statutes require a plaintiff in
> his or her petition to "name the person or persons who
> may claim such adverse estate or interest." RSA 498:5-
> a. . . .
>
>           . . . .

>      The burden here is on each party to prove good
> title as against all other parties whose rights may be
> affected by the court's decree.  The trial court in
> this case could not "render judgment determining the
> questions and disputes and quieting and settling title
> to such [disputed] property," RSA 498:5-d, in the
> absence of parties with a duly recorded interest in
> the property, unless those parties claimed no interest
> and the petition so alleged, see Lake Garda
> Improvement Assn. v. Battistoni, 231 A.2d 276, 280
> ([Conn.] 1967), or unless one of the named parties had
> acquired title to the disputed property through the
> doctrine of adverse possession, see Farrar v.
> Fessenden, 39 N.H. 268, 279 (1859).

Sorenson, 124 N.H. at 757-58 (emphasis added, parallel citation

omitted).  In Sorenson, the other parties whose rights may have

been affected by a decree quieting title included, among others,

various grantees in the chain of title to the property at issue,

and their heirs or successors.  See id. at 757.

     The application of Sorenson to the facts of this case is

straightforward.  FHLMC identifies only the Desmets as

potentially interested parties, and makes no allegations

concerning either: (1) the quality of the title conveyed to it

by the foreclosure deed it received; or (2) any other parties

who might have an interest in the property, such as other

grantees in the chain of title.  For those reasons, the court

cannot issue a decree declaring that FHLMC has good title

against all others.  Accordingly, FHLMC is not entitled to the

relief described in Item D of its memorandum of law.

11

Finally, Item E seeks attorneys' fees and costs.  That request for relief is more fully addressed and supported in a freestanding motion for costs and fees that has not been referred to me.  <u>See</u> doc. no. 19.  Accordingly, I refrain from addressing Item E in this report and recommendation.

<b>Conclusion</b>

For the reasons detailed above, I recommend that the court grant FHLMC's motion for entry of default judgment, document no. 14, but only to the extent of issuing an order declaring the following documents to be fraudulent and of no legal force or effect: (1) the "Notice of Rescission" recorded at page 297 of Book 5224 in the Rockingham County Registry of Deeds; and (2) the "Deed of Full Reconveyance" recorded at page 310 of Book 5224 in the Rockingham County Registry of Deeds.  In all other respects, FHLMC's motion should be denied.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011), <u>cert. denied</u>, 132 S. Ct. 1045 (2012); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st

12

Cir. 2010) (only issues fairly raised by objections to

magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on

appeal).

_____
Landya McCafferty
United States Magistrate Judge


August 21, 2013

cc:  Thomas J. Desmet, pro se
     John Laurence von Barta, IV, Esq.