UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Federal Home Loan
Mortgage Corporation

        v.                          Civil No. 13-cv-041-JD

Thomas J. Desmet and
Ahva R. Desmet


                        O R D E R


        After Federal Home Loan Mortgage Corporation ("FHLMC")

acquired property from Thomas J. and Ahva R. Desmet by a

foreclosure deed, FHLMC brought suit against the Desmets seeking

relief pertaining to seven documents the Desmets had recorded in

the Rockingham County Registry of Deeds.  Default was entered

against the Desmets when they did not respond to the complaint.

Following a hearing, the magistrate judge issued a report and

recommendation that FHLMC's motion for a default judgment be

granted in part.  The magistrate recommended that the court issue

an order declaring that two of the documents recorded by the

Desmets were fraudulent but denying the remainder of the motion.

        FHLMC filed a response to the report and recommendation.

FHLMC asks the court to declare that the other five documents,

while not fraudulent, are "confusing, misleading or irrelevant,"

as found by the magistrate judge.  FHLMC also seeks an award of

attorneys' fees and costs.  The Desmets have not responded.

I.   <u>Report and Recommendation</u>

In its motion for a default judgment, as interpreted by the magistrate judge, FHLMC asked for six items of relief.  The magistrate concluded that FHLMC was not entitled to an order to expunge the Desmets' documents from the Registry or to a decree quieting title, and that the request for attorneys' fees and costs should be addressed in the context of FHLMC's separate motion.  The magistrate judge also determined that two documents filed by Thomas Desmet but purporting to be filed by "'Attorney-in-fact' for FHLMC" were fraudulent.  The remaining five documents filed by the Desmets are described as follows in the report and recommendation:

> <u>at page 0298 of Book 5224</u>: a document titled "Certificate of Administrative Judgment";
>
> <u>at pages 0299 through 0302 of Book 5224</u>: a document titled "UCC Financing Statement";
>
> <u>at pages 0303 through 0305 of Book 5224</u>: a document titled "Notice of Administrative Judgment";
>
> <u>at page [0]306 of Book 5224</u>: a document titled "Exhibit 'A' Description," which appears to describe the property;
>
> <u>at pages 0307 through 0309 of Book 5224</u>: a document titled "Response Letter/Commercial Affidavit," executed by Thomas John Desmet, as "secured party creditor."

The magistrate judge found that those documents were not fraudulent, because Thomas Desmet was not purporting to represent

FHLMC in those filings.  The magistrate found, however, that the five listed documents are "confusing, misleading, or irrelevant."

FHLMC does not object to the magistrate judge's findings and does not dispute that the five listed documents are not fraudulent.  Instead, FHLMC asks the court to declare, as the magistrate judge found, that the five listed documents are "confusing, misleading, or irrelevant."

When the court has designated a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a motion, a party may file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1).  The court then "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

FHLMC does not object to the magistrate's report or recommendations.  Instead, FHLMC appears to seek a new form of relief that was not included in the complaint or the motion for entry of default judgment.  As such, FHLMC's request is beyond the scope of review under § 636(b)(1).

Nevertheless, in approving the magistrate judge's report and recommendation, the court approves the proposed finding that the

five documents listed above are "confusing, misleading, or irrelevant."

II.   <u>Fees</u>

FHLMC moves for an award of attorneys's fees and costs but provides no authority to support the award it seeks.  In general, the prevailing rule is that each party in litigation pays its own fees and costs.  See, e.g., <u>In re Volkswagen & Audi Warranty Extension</u>, 692 F.3d 4, 13 (1st Cir. 2012) ("It is axiomatic that, under the 'American Rule,' '[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'") (quoting <u>Hardt v. Reliance Standard Life Ins. Co.</u>, 130 S. Ct. 2149, 2157 (2010)); <u>Shelton v. Tamposi</u>, 164 N.H. 490, 502 (2013).  Despite the general rule, under both the inherent powers of the federal court and New Hampshire law, a court may award fees and costs against a party who has engaged in bad faith, wanton, or oppressive conduct.  See <u>Dubois v. U.S. Dept. of Agriculture</u>, 270 F.3d 77, 80 (1st Cir. 2001); <u>In re Mason</u>, 164 N.H. 391, 398 (2012) (recognizing exception for parties who are "forced to seek judicial assistance to secure a clearly defined and established right if bad faith can be established . . . and for those who are forced to litigate against an opponent whose position is patently unreasonable").

In this case, FHLMC brought claims against the Desmets under New Hampshire law and relied on diversity jurisdiction. Therefore, New Hampshire law governs the fee award. GT Solar Inc. v. EMX Controls, Inc., 2012 WL 6214405, at *1 (D.N.H. Dec. 10, 2012).

FHLMC acquired the Desmets' property by foreclosure deed. After FHLMC recorded the foreclosure deed in the Rockingham County Registry of Deeds, the Desmets filed documents in the Registry for the same property. Thomas Desmet fraudulently signed two of the documents as "attorney in fact" for FHLMC. The Desmets' actions forced FHLMC to file suit to protect its right to the property as conveyed by the foreclosure deed.

Although the Desmets were served, neither defendant appeared in the case. After receiving service, Thomas Desmet filed a notice stating, "I DO NOT ACCEPT THIS OFFER TO CONTRACT AND I DO NOT CONSENT TO THESE PROCEEDINGS." Thereafter, the Desmets refused mailings from the court, writing on the envelopes "NO CONTRACT RETURN TO SENDER." Under the circumstances, the Desmets have also acted frivolously and unreasonably in this action. Therefore, FHLMC is entitled to an award of reasonable fees and costs. See, e.g., Wilko of Nashua, Inc. v. TAP Realty, Inc., 117 N.H. 843, 851-52 (1977).

5

New Hampshire courts use an analysis for calculating
attorneys' fees that relies on "eight guiding factors" to
determine whether a requested fee award is reasonable.  Town of
Barrington v. Townsend, 164 N.H. 241, 250 (2012).  Those factors
are "the amount involved, the nature, novelty, and difficulty of
the litigation, the attorney's standing and the skill employed,
the time devoted, the customary fees in the area, the extent to
which the attorney prevailed, and the benefit thereby bestowed on
his clients."  Id.

In support of its motion for fees and costs, FHLMC submitted
the affidavit of its attorney, J. Laurence von Barta, of Harmon
Law Offices, P.C., and copies of the invoices for work on the
case.  Von Barta charged $195.00 per hour for his work and
charged $85.00 per hour for paralegal work for 27.55 hours.
FHLMC seeks a total of $5,344.75 for fees.  The court finds that
the rates charged are reasonable.  See, e.g., New England Envtl.
Techs. Corp. v. Am. Safety Risk Retention Group, Inc., 810 F.
Supp. 2d 390, 397 (D. Mass. 2011).  FHLMC also seeks recovery of
the costs incurred in litigating the case.  Those costs are
$150.00 for two title searches, $350.00 for the filing fee here,
and sheriff's service fees of $68.00, $86.00, and $258.00.

FHLMC's ex parte motions for a memorandum of lis pendens and
for an attachment were both denied.  As explained in the

magistrate judge's report and recommendation, document no. 7,
neither motion was well founded.  In addition, FHLMC brought this
action to "expunge" documents filed by the Desmets from the
Registry of Deeds and to quiet title but was unable to show that
it was entitled to that relief.  In light of FHLMC's limited
success, the court will award half of the requested amount of
fees, which totals $2,672.38.  The court will also award the
costs of litigation which total $912.00.


## Conclusion

     For the foregoing reasons, the report and recommendation
submitted by the magistrate judge (document no. 23) is approved
and adopted.  The plaintiff's motion for an award of fees and
costs (document no. 19) is granted to the extent that the
plaintiff is awarded $3,584.38 in fees and costs.

     The clerk of court shall enter judgment accordingly and
close the case.

     SO ORDERED.

                                   _____
                                   Joseph A. DiClerico, Jr.
                                   United States District Judge

September 17, 2013

cc:  Thomas J. Desmet, pro se
     John Laurence von Barta, IV, Esquire